IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID WAYNE HOULE,<br><br>Defendant. | Case No. CR08-0063<br><br>ORDER FOR PRETRIAL DETENTION |

On the 11th day of December, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Special Assistant United States Attorney Marti Sleister. The Defendant appeared personally and was represented by his attorney, Cory Goldensoph.

## RELEVANT FACTS

On October 8, 2008, Defendant David Wayne Houle was charged by Indictment (docket number 1) with failure to register as a sex offender. Defendant entered a plea of not guilty and trial is scheduled for February 9, 2009.

Deputy United States Marshal Jeffrey Lour testified regarding the facts underlying the instant action. Defendant has two prior qualifying convictions and is required to register as a sex offender. Deputy Lour testified that as a juvenile, Defendant was convicted of criminal sexual conduct in Michigan. The victim of that offense was Defendant's five-year-old step-sister. In 2004, Defendant was convicted in Wisconsin of sexual intercourse with a child age 16.

According to the Pretrial Services Report, Defendant was charged in 2005 with failing to provide sex offender information in Wisconsin. The charge was dismissed. In 2006, Defendant was charged in Iowa with failing to register as a sex offender. According

1

to Deputy Lour, Defendant stayed with his sister in Florida from November 2007 until August 2008, but did not register as a sex offender in that state.

Defendant is 26 years old and married with two children. Defendant is separated from his wife, but according to the Pretrial Services Report is allowed two supervised visits with his children each week. Defendant does not have a stable residence and he informed the pretrial services officer that if he is released, he would reside at the Motel 6 in Cedar Rapids. Defendant does not have stable employment, but apparently receives social security benefits as a result of an attention deficit hyperactivity disorder (ADHD). Defendant does not take any medication for the disorder, nor does he receive any treatment for his condition.

In addition to the sexual assaults described above, Defendant was convicted of battery in Wisconsin in 2003. According to the Pretrial Services Report, Defendant was originally charged with child abuse intentionally causing harm. Defendant also has two convictions in Wisconsin for defrauding an innkeeper. In 2007, Defendant was convicted in Linn County on charges of theft in the third degree, theft in the fourth degree, theft in the fifth degree, and harassment in the third degree.

The Pretrial Services Report also shows at least three instances of "bail jumping" or failing to appear. At the time of hearing, Defendant's counsel proffered that some of those instances reflect times when Defendant was in jail elsewhere. Most recently, Defendant was arrested in Wisconsin on an Iowa state court charge of failing to register as a sex offender. It is the Court's understanding, however, that the state charge was dismissed when the instant federal charge was filed.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with failure to register as a sex offender, in violation 18 U.S.C. § 2250(a). Defendant has two prior convictions requiring him to register as a sex offender, both involving minor victims. Defendant does not have a stable residence and does not have stable employment. In addition, it would appear that his ties to this community may be limited. During most of the last year, Defendant was living in Florida and he was recently arrested in Wisconsin. A sex offender's failure to register constitutes a danger to the community, particularly when the victims in the underlying offenses were minors.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 10, 2008) to the filing of this Ruling (December 12, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 12th day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA